**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| EDSON GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>WENDI LONG, in her official capacity as Treasurer for Uintah County, Utah,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:18-cv-00509-RJS-PMW<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Robert J. Shelby referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is defendant Wendi Long's ("Defendant") motion to dismiss.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion to dismiss on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

Plaintiff Edson Gardner's ("Gardner") complaint challenges the authority of Uintah County over him and his real property.[3] The complaint alleges that Gardner owns land "in Indian

---

[1] *See* docket no. 7.

[2] *See* docket no. 12.

[3] *See* docket no. 2.

Country" that is "federal trust land" and is therefore exempt from state taxes.[4] The complaint seeks an injunction enjoining Defendant from foreclosing on his property for failure to pay property taxes.[5]

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted). "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

---

[4] *Id.* at 3-6.

[5] *See id.* at 9.

In conducting the analysis of Defendant's motion, the court is mindful that Gardner is proceeding pro se in this case and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

## ANALYSIS

The heart of Plaintiff's challenge is that his status as a descendant of a terminated mixed-blood Ute, and his property's alleged status as federal trust land, exempts him and his property from the jurisdiction of Uintah county's taxing authority. Because the court concludes that Plaintiff cannot muster factual support for these claims, the court recommends that his complaint be dismissed with prejudice.

First, as the Tenth Circuit Court of Appeals has noted,

> [l]itigation regarding Gardner's Indian status is a road well-travelled. He does not claim to be a member of a federally recognized tribe. Rather, he claims only to be a descendant of a former member, as are many other Americans. Despite his best efforts in federal, state, and tribal court, this heritage does not entitle him to Indian status whether or not he lives and works on the reservation.

*Gardner v. Wilkins*, 535 F. App'x 767 (10th Cir. 2013) (unpublished) (citing *Gardner v. United States,* 25 F.3d 1056 (10th Cir.1994) (unpublished); *State v. Gardner,* 827 P.2d 980 (Utah Ct. App.1992); *Gardner v. Ute Tribal Court,* 36 Fed. Appx 927 (10th Cir. 2002) (unpublished)). Accordingly, the court concludes that Gardner cannot muster factual support for his claim that Uintah County has no authority of him and his property by virtue of his Indian heritage.

Gardner is similarly unable to support his claim that his property is not subject to Uintah County's taxing authority because it is not federal trust land. When the Secretary of the Interior acquires land for the benefit of an Indian tribe or individual pursuant to 25 U.S.C. § 465, the land is acquired in the name of the United States. *See* 25 U.S.C. § 465 ("Title to any lands or rights acquired pursuant to this Act . . . shall be taken in the name of the United States in trust for the Indian tribe or individual Indian for which the land is acquired."). The properties at issue in Gardner's complaint are not in the name of the United States.[6] Accordingly, the court concludes that it is impossible for Gardner to support his claim that his property is federal trust land and exempt from state taxes.

## CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Defendant's motion to dismiss be **GRANTED**, and that this action be **DISMISSED WITH PREJUDICE**.

---

[6] *See* docket no. 2-1 at 3-4.

As a final matter, the court notes that Gardner filed a motion for preliminary injunction and temporary restraining order (the "TRO Motion") in this matter.[7] Based on the court's recommendation that Defendant's motion to dismiss be granted, Gardner cannot show "there is a likelihood of success on the merits." *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003)). Accordingly, **IT IS HEREBY RECOMMENDED** that the TRO Motion be **DENIED**.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 10th day of January, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[7] *See* docket no. 5.