# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EDSON GARDNER,<br><br>    Plaintiff,<br><br>v.<br><br>WENDI LONG, in her official capacity as Treasurer for Uintah County, Utah,<br><br>    Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO INTERVENE**<br><br>Case No. 2:18-cv-509<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Paul M. Warner |

On June 26, 2018, Plaintiff Edson Gardner filed a Complaint seeking to enjoin Defendant Wendi Long as Treasurer for Uintah County from foreclosing on his real property for not paying property taxes.[1] Gardner's challenge is based on his assertion that he is exempt from state taxes because his land is in "Indian Country" that is "federal trust land."[2] Long moved to dismiss Gardner's Complaint,[3] and Chief Magistrate Judge Warner issued a Report and Recommendation recommending Long's Motion to Dismiss be granted.[4] Gardner objected.[5] After Gardner's objection, Lynda M. Kozlowicz filed a Motion to Intervene on behalf of Gardner.[6] For the

---

[1] Dkt. 2 at 8–9.

[2] Dkt. 2 at. 3–6.

[3] Dkt. 12.

[4] Dkt. 37.

[5] Dkt. 38.

[6] Dkt. 44.

reasons discussed below, Kozlowicz's Motion to Intervene is Denied, Gardner's Objection is Overruled, and the Report and Report and Recommendation is Adopted in Part.[7]

The court will take up Kozlowicz's Motion to Intervene and Gardner's Objection in turn.

## I. ANALYSIS

The court recognizes that both Kozlowicz and Gardner are pro se litigants. Pro se litigants are held to less stringent standards than are parties formally represented by lawyers.[8] However, a litigant's "*pro se* status does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[9] Furthermore, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[10] Therefore, the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[11] The court will employ this standard when reviewing Kozlowicz's and Gardner's filings.

### A. **Kozlowicz's Motion to Intervene is Not Timely**

Kozlowicz requests intervention in accordance with Rule 24 of the Federal Rules of Civil Procedure, either as a matter of right under Rule 24(a) or as a permissive intervention under Rule 24(b).

Under Rule 24(a), the court must allow a party to intervene as a matter of right if "(1) the [motion] is timely, (2) the [movant] claims an interest relating to the property or transaction

---

[7] On March 13, 2019, Gardner filed a Notice for Leave to File Uinta Indian Jurisdiction Over Land (dkt. 57). Gardner's Notice is rendered Moot by this Order, and is therefore denied.

[8] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (recognizing that pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers").

[9] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

which is the subject of the action, (3) the [movant's] interest may be impaired or impeded, and (4) the [movant's] interest is not adequately represented by existing parties."[12] The Tenth Circuit recognizes three factors that are "particularly important" when determining whether a motion to intervene is timely, these factors are: "[ (1) ] the length of time since the [movant] knew of [its] interests in the case; [ (2) ] prejudice to the existing parties; [and (3) ] prejudice to the [movant]."[13]

These factors weigh against the timeliness of Kozlowicz's request to intervene as a matter of right. First, it appears Kozlowicz was aware of her potential interest in this case since its inception. The court takes judicial notice that Kozlowicz and Gardner have appeared together in numerous cases either as co-plaintiffs or petitioners.[14] In these cases, Kozlowicz and Gardner shared the same PO Box for their filings,[15] and this case is no different. The fact that Kozlowicz and Gardner share the same PO Box, and the two consistently file together strongly suggests that Kozlowicz knew of her interests in this litigation since its inception on June 26, 2018, but "unduly delayed seeking to intervene" until January 28, 2019–after Judge Warner issued his Report and Recommendation.[16]

Second, allowing Kozlowicz to intervene at this time would prejudice Gardner and Long because the case is ready for disposition. Kozlowicz delayed her intervention until after Judge

---

[12] *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1231 (10th Cir. 2010) (citation omitted), *see also* Fed. R. Civ. P. 24(a)(1)–(2).

[13] *Id.* at 1232 (brackets in original).

[14] *See Gardner et. al. v. Reynolds, et al.*, Case No. 2:11-cv-733 (co-petitioners); *Gardner et al. v. Arrowichis*, Case No. 2:11-cv-781 (co-petitioners); *Gardner et al v. Salazarr*, Case No. 2:11-cv-782 (co-petitioners); *Gardner et al. v. Ute Indian Tribe et al.*, Case No. 2:12-cv-210; *Gardner et al v. Lujan et al.*, Case No. 2:92-cv-723 (co-plaintiffs).

[15] *See id.*

[16] *Oklahoma*, 619 F.3d at 1239 ("When the applicant appears to have been aware of the litigation but has delayed unduly seeking to intervene, courts generally have been reluctant to allow intervention.") (citing 7C Charles A. Wright et al., Federal Practice & Procedure § 1916 at 539–40 (3d ed. 2007)).

Warner issued his recommendation to dismiss. If entertained, Kozlowicz's intervention would effectively require the court to reevaluate the entire case in light of Kozlowicz's assertions. This would prejudice Gardner and Long by prolonging the disposition of the case. Kozlowicz has had ample opportunity to intervene in this action prior to Judge Warner's recommendation, but chose not to do so. The court will not encourage such delay by entertaining Kozlowicz's arguments now.

Third, Kozlowicz will not be prejudiced by the court's unfavorable decision. The crux of Kozlowicz's argument is that she has an interest in cases "involving the application of federal laws, federal statutes and Code of Federal Regulations."[17] While Rule 24(a) does not permit intervention as of right on such grounds, Kozlowicz would not be prohibited from bringing a separate action if she believes there is an issue with the application of federal laws or regulations against her. Kozlowicz's request to intervene as a matter of right is untimely, and is therefore denied.

Even if this court were to accept the motion to intervene as timely, Kozlowicz fails to allege any facts in support of her claim of an interest relating to Gardner's property. To intervene as a matter of right, Rule 24(a) requires that a party "claims an interest relating to the property or transaction which is the subject of the action."[18] The only interest Kozlowicz asserts in her Motion to Intervene appears to be an "interest in the interpretation of federal statutes and regulations" that pertain to "state and local taxation and regulations of activities on Indian allotment within Indians Country."[19] These interests are not related to the property or

---

[17] Dkt. 44 at 7.

[18] *Oklahoma*, 619 F.3d at 1231.

[19] Dkt. 44 at 3.

4

transaction at the heart of Gardner's action. Thus, Kozlowicz's request to intervene as a matter of right fails on that basis as well.

Kozlowicz's request for permissive intervention is also denied. Permissive intervention is "a matter within the district court's discretion, and [the appellate court] will not reverse the district court's ruling absent a clear abuse of discretion."[20] The court, however, is required to consider whether intervention will cause undue delay or prejudice when considering whether to permit intervention.[21]

As articulated above, allowing intervention at this stage of the litigation would unduly delay resolution of the case and prejudice the parties involved. The court therefore Denies Kozlowicz's request to permissively intervene.

### B. **Gardner's Complaint Fails to State a Claim for Relief**

The court will conduct a de novo review of Gardner's timely objections to Judge Warner's dispositive Report and Recommendation.[22] To be timely, an objection must be filed "[w]ithin fourteen days after being served with a copy of the recommended disposition."[23] Gardner filed an Objection on January 18, 2019,[24] a Motion on Indian Status on January 23,

---

[20] *City of Stilwell, Okl. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996).

[21] Fed. R. Civ. P. 24(b)(3).

[22] *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court.").

[23] Fed. R. Civ. P. 72(b)(2). Pro se litigants are given an additional three days for service. Gardner, therefore, had until January 27, 2019 to file his objection.

[24] Dkt. 38.

2019,[25] and an Amended Objection,[26] Second Amended Objection,[27] and another Objection[28] on January 25, 2019. Given the liberal pleading standards applied to pro se plaintiffs, the court will construe Gardner's filings as timely objections to Judge Warner's recommendation to grant Long's Motion to Dismiss.[29]

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[30] A complaint "does not need detailed factual allegations," but it must put forward "more than labels and conclusions."[31] Thus, a "complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims."[32] In reviewing the motion, the court accepts "the well-pleaded allegations of the complaint as true" and draws all reasonable inferences in favor of the plaintiff.[33]

In his Report and Recommendation, Judge Warner observed "[t]he heart of Plaintiff's challenge is that his status as a descendant of a terminated mixed-blood Ute, and his property's alleged status as federal trust land, exempts him and his property from the jurisdiction of Uintah county's taxing authority."[34] The court construes Gardner's challenge more narrowly.

---

[25] Dkt. 39.

[26] Dkt. 41.

[27] Dkt. 42.

[28] Dkt. 43.

[29] Gardner filed another Objection on January 28, 2019 (dkt. 45). The court will not consider this filing because it is untimely, and does not change the outcome of the case.

[30] Fed. R. Civ. P. 8(a).

[31] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[32] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[33] *GF Gaming Corp. v. City of Black Hawk, Colo.*, 405 F.3d 876, 881 (10th Cir. 2005).

[34] Dkt. 37 at 4.

Specifically, the court understands Gardner to be arguing only that his land is exempt from state property taxes because it is federal trust land.[35]

25 U.S.C. § 465, authorizes the Secretary of the Interior to "acquire . . . any interest in lands . . . for the purpose of providing land for Indians." When the Secretary acquires such land, Section 465 requires that title to the land "be taken in the name of the United States in trust for the Indian tribe or individual Indian for which the land is acquired." Gardner provides no factual support establishing that the lands at issue are in the name of the United States, and thus considered trust lands. Gardner provides tax statements issued by Uintah County,[36] however, the tax statements do not indicate who the title holder to the properties is. Gardner has not pled sufficient facts to plausibly support his claim that his land is federal trust land which is exempt from state property taxes.

The Objection is therefore overruled and Long's Motion to Dismiss is granted without prejudice. As there is no longer an active Complaint, the remaining pending motions are denied without prejudice as Moot. Gardner may move no later than April 10, 2019 for leave to file an amended complaint. If such a motion is filed, it must comply with the local rule DUCivR 15-1. The motion filing restrictions previously imposed will remain in place. If a motion seeking leave to file an amended complaint is not filed on or before April 10, 2019, the court will close the case.

---

[35] Dkt. 2 at 5. The Magistrate Judge's assessment of Gardner's argument does not alter the disposition of the case.
[36] *See* dkt. 2-1 at 3–4.

SO ORDERED this 25th day of March, 2019.

                        BY THE COURT:

                        _____
                        ROBERT J. SHELBY
                        United States Chief District Judge