IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **EDSON GARDNER,** <br><br> Plaintiff, <br><br> v. <br><br> **WENDI LONG, in her official capacity as Treasurer for Uintah County, Utah,** <br><br> Defendant. | **REPORT AND RECOMMENDATION** <br><br> Case No. 2:18-cv-00509-RJS-PMW <br><br> Chief District Judge Robert J. Shelby <br><br> Chief Magistrate Judge Paul M. Warner |

Chief District Judge Robert J. Shelby referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] At the outset, the court notes that Plaintiff Edson Gardner ("Gardner") is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## RELEVANT BACKGROUND

On June 26, 2018, Gardner filed his original complaint in this case seeking to enjoin Defendant Wendi Long, as Treasurer for Uintah County ("Long"), from foreclosing on his real property for not paying property taxes.[2] Gardner's challenge is based upon his assertion that he

---

[1] *See* ECF no. 7.

[2] *See* ECF no. 2.

is exempt from state taxes because his land is in "Indian Country" that is federal trust land.[3] Long subsequently moved to dismiss Gardner's complaint.[4]

On January 10, 2019, this court issued a report and recommendation in which it was recommended that Long's motion to dismiss be granted and that this action be dismissed with prejudice.[5] On March 25, 2019, Chief Judge Shelby issued an order on that report and recommendation.[6] In that order, Chief Judge Shelby noted that the essence of Gardner's original complaint was that he was "arguing only that his land is exempt from state property taxes because it is federal trust land."[7] Chef Judge Shelby went on to conclude that

> Gardner provides no factual support establishing that the lands at issue are in the name of the United States, and thus considered trust lands. Gardner provides tax statements issued by Uintah County, however, the tax statements do not indicate who the title holder to the properties is. Gardner has not pled sufficient facts to plausibly support his claim that his land is federal trust land which is exempt from state property taxes.[8]

Based upon that reasoning, Chief Judge Shelby adopted this court's report and recommendation, and he granted Defendant's motion to dismiss Gardner's original complaint. However, Chief Judge Shelby permitted Gardner to file a motion for leave to file an amended complaint on or before April 10, 2019.

---

[3] *See id.*

[4] *See* ECF no. 12.

[5] *See* ECF no. 37.

[6] *See* ECF no. 58.

[7] *Id.* at 7.

[8] *Id.* (footnote omitted).

On April 2, 2019, Gardner filed a motion for leave to file an amended complaint.[9] On April 10, 2019, Gardner filed a second motion for leave to file an amended complaint.[10] Gardner also filed two other motions,[11] and Long has filed three motions.[12]

## ANALYSIS

As an initial matter, the court is mindful that Gardner is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the

---

[9] *See* ECF no. 60.

[10] *See* ECF no. 62.

[11] *See* ECF nos. 66, 67.

[12] *See* ECF nos. 61, 64, 72.

3

>plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

With those principles in mind, the court turns to an analysis of Plaintiff's proposed amended complaint.[13] After carefully reviewing Plaintiff's proposed amended complaint, as well as all other motions and pleadings he has filed, the court concludes that Plaintiff has failed to establish that he has standing in this case.

"Standing to sue . . . has its constitutional origins in the case or controversy limitation of Article III which insures that courts exercise their power only in cases where true adversary context allows informed judicial resolution." *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1294 (10th Cir. 1980) (quotations and citations omitted). The doctrine of standing "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (quotations and citation omitted) (emphasis omitted). "The party invoking federal jurisdiction bears the burden of establishing standing." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quotations and citation omitted).

"[I]t is well established that the court has an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *Summers*, 555 U.S. at 499; *see also City of Colo. Springs v. Climax Molybdenum Co.*, 587 F.3d 1071, 1078-79 (10th Cir. 2009) ("The federal courts are under an independent obligation to examine their own

---

[13] *See* ECF no. 60.

4

jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines.") (quotations and citations omitted); *Citizens Concerned for Separation of Church & State*, 628 F.2d at 1301 ("A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties."). "[J]urisdictional questions are of primary consideration and can be raised at any time by courts on their own motion." *Citizens Concerned for Separation of Church & State*, 628 F.2d at 1297; *see also New England Health Care Employees Pension Fund v. Woodruff*, 512 F.3d 1283, 1288 (10th Cir. 2008) ("It is well established that any party, including the court *sua sponte*, can raise the issue of standing for the first time at any stage of the litigation . . . .").

To have standing under Article III of the Constitution, "[t]he plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014). The injury-in-fact requirement is "the [f]irst and foremost of standing's three elements," *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quotations and citation omitted) (alteration in original), and "helps to ensure that the plaintiff has a personal stake in the outcome of the controversy." *Susan B. Anthony List*, 573 U.S. at 158 (quotations and citation omitted). "[A] plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Spokeo, Inc.*, 136 S. Ct. at 1548 (quotations and citations omitted).

Consistent with those principles, the court concludes that Gardner has failed to establish that he has suffered an injury in fact under the foregoing standing analysis. Importantly, neither Gardner's proposed amended complaint nor any of his other pleadings provide any allegations, factual support, or supporting documentation for the proposition that he has any interest in the property in question. Thus, Gardner's complaint fails to "establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him," *Raines*, 521 U.S. at 819, or that the injury alleged in his proposed amended complaint affects him "in a personal and individual way." *Spokeo, Inc.*, 136 S. Ct. at 1548 (quotations and citations omitted).

For those reasons, the court concludes that Gardner has failed to establish that he has standing in this case. Accordingly, the court recommends that this action be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-19 (10th Cir. 2006) (holding that inability of litigant to establish standing does not justify dismissal with prejudice because the court lacks jurisdiction to make a determination on the merits of the complaint). Given that recommendation, the court further recommends that all pending motions be deemed moot.

## **CONLUSION AND RECOMMENDATION**

Based upon the foregoing analysis, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE based upon Gardner's failure to establish that he has

standing. Given that recommendation, IT IS FURTHER RECOMMENDED and that all pending motions[14] be deemed MOOT.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 30th day of January, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[14] *See* ECF nos. 60-62, 64, 66-67, 72.