IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EDSON GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>WENDI LONG, in her official capacity as Treasurer for Uintah County, Utah,<br><br>Defendant. | **ORDER SUSTAINING OBJECTION TO REPORT AND RECOMMENDATION IN PART**<br><br>Case No. 2:18-cv-00509<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Paul M. Warner |

This case was referred to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B). Before the court is Judge Warner's Report and Recommendation,[1] in which Judge Warner recommended this action be dismissed without prejudice based upon Plaintiff Edson Gardner's failure to establish standing.[2] Gardner objected to the Report and Recommendation.[3] For the reasons explained below, Gardner's Objection is SUSTAINED IN PART.

## BACKGROUND

On June 26, 2018, Gardner filed a Complaint seeking to enjoin Defendant Wendi Long, in her official capacity as Treasurer for Uintah County, from foreclosing on Gardner's real property for failure to pay property taxes.[4] Gardner's challenge was based on his assertion that he is exempt from state taxes because his land is in "Indian Country" that is "federal trust land."[5]

---

[1] Dkt. 76.

[2] Dkt. 76 at 6–7.

[3] Dkt. 78.

[4] Dkt. 2 at 8–9.

[5] Dkt. 2 at 3–6.

1

Defendant subsequently moved to dismiss Gardner's Complaint.[6]  Judge Warner issued a Report and Recommendation in which he recommended Gardner's Complaint be dismissed with prejudice.[7]  On March 25, 2019, this court issued an Order adopting Judge Warner's Report and Recommendation in part, ordering Gardner's Complaint be dismissed without prejudice.[8]  In that Order, the court gave Gardner until April 10, 2019 to file a motion for leave to file an amended complaint.[9]

On April 2, 2019, Gardner filed a motion for leave to file an amended complaint,[10] and on April 10, 2019, Gardner filed a second motion for leave to file an amended complaint (collectively, Motions to Amend).[11]  In his proposed amended complaint, Gardner seeks to enjoin Defendant from assessing taxes on certain real property he alleges is held in trust by the United States for his benefit.[12]  Defendant filed an Opposition to Gardner's Motions to Amend, arguing Gardner has failed to establish standing.[13]  Additionally, Gardner has filed three other motions and Defendant has filed three other motions.  On January 30, 2020, Judge Warner issued a Report and Recommendation, recommending this action be dismissed without prejudice because Gardner has failed to establish standing.[14]  On February 10, 2020, Gardner timely filed an Objection to Judge Warner's Report and Recommendation.[15]

---

[6] Dkt. 12.
[7] Dkt. 37.
[8] Dkt. 58.
[9] Dkt. 58 at 7.
[10] Dkt. 60.
[11] Dkt. 62.
[12] Dkt. 60 at 1.
[13] Dkt. 63.
[14] Dkt. 76.
[15] Dkt. 78.

**LEGAL STANDARD**

Gardner is a *pro se* litigant. *Pro se* litigants are held to less stringent standards than parties formally represented by lawyers.[16] Accordingly, documents filed *pro se* are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[17] A litigant's *pro se* status, however, "does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[18] Furthermore, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[19] Therefore, the court "will not supply additional facts, nor will [it] construct a legal theory for [a *pro se*] plaintiff that assumes facts that have not been pleaded."[20] The court will employ this standard when reviewing Gardner's filings.

**ANALYSIS**[21]

**I. GARDNER HAS ESTABLISHED STANDING**

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."[22] The doctrine of standing serves to limit the categories of persons able to maintain a lawsuit in federal court by requiring the court to satisfy itself that the person "has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of

---

[16] *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

[17] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (internal quotation marks omitted).

[18] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[19] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[20] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[21] Judge Warner's Report and Recommendation is potentially dispositive of Gardner's claims in this case. Thus, the court will review de novo Gardner's timely objections to the Report and Recommendation. Fed. R. Civ. P. 72(b).

[22] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

federal-court jurisdiction."[23] To demonstrate standing, a party must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[24] The party invoking federal jurisdiction bears the burden of establishing each of these three elements.[25] Additionally, at the pleading stage, that party must "clearly . . . allege facts demonstrating each element."[26]

Relevant here, the Supreme Court has explained, "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized.'"[27] And "[f]or an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'"[28]

Additionally, because standing is jurisdictional, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[29] Accordingly, courts may raise issues of standing *sua sponte*.[30]

In his Report and Recommendation, Judge Warner concluded Gardner has "failed to establish that he has suffered an injury in fact."[31] Judge Warner found Gardner's proposed amended complaint does not allege that Gardner has any interest in the property at issue in this

---

[23] *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citation omitted) (internal quotation marks omitted).

[24] *Spokeo, Inc.*, 136 S. Ct. at 1547.

[25] *Id.*

[26] *Id.* (alteration in original) (citation omitted).

[27] *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

[28] *Id.* (quoting *Lujan*, 504 U.S. at 560).

[29] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

[30] *Collins v. Daniels*, 916 F.3d 1302, 1314 (10th Cir. 2019) (citing *Arbaugh*, 546 U.S. at 514).

[31] Dkt. 76 at 6.

4

case and therefore Gardner cannot demonstrate any personal stake in the alleged dispute here.[32] Accordingly, Judge Warner recommended dismissal of this action without prejudice.[33]

Federal Rule of Civil Procedure 15 instructs that the court "should freely give leave [to amend] when justice so requires."[34] The court is not required to give leave to amend, however, if such amendment would be "futile."[35] As the Tenth Circuit has explained, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[36] Thus, a court may properly "deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment."[37]

Having reviewed Gardner's proposed amended complaint and "accept[ed] as true all material allegations of the complaint," as the court must do at the pleading stage, the court concludes Gardner's proposed amended complaint is not futile.[38]

In his proposed amended complaint, Gardner states he is bringing this action "in order to prevent the defendant from . . . assessing taxes on certain real property . . . *that is held in trust by the United States for the benefit of the Plaintiff Gardner*."[39] In doing so, Gardner alleges both: (1) the property is held in trust by the United States, and (2) the trust property is being held for

---

[32] Dkt. 76 at 6.

[33] Dkt. 76 at 6.

[34] Fed. R. Civ. P. 15(a)(2).

[35] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[36] *Id.* (citation omitted) (internal quotation marks omitted).

[37] *E.SPIRE Commc'ns, Inc. v. N.M. Pub. Registration Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004) (citation omitted) (internal quotations marks omitted).

[38] *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

[39] Dkt. 60 at 1 (emphasis added).

his benefit.[40]  Furthermore, the proposed amended complaint contains a number of factual allegations that, when construed liberally, provide additional factual support for this proposition. For example, the proposed amended complaint alleges, "[t]he United States holds title to approximately 2 acres surrounded by Indian land within the boundaries of Uintah County in trust for the exclusive use and benefit of the Uinta Indian," and "the letter from United States Department of the Interior, Bureau of Indian Affairs, Nov. 28, 2017, reaffirmed that the Uinta Indian Trust Lands within the boundaries of Uintah County are held in trust by the United States for the benefit of the Uinta Indian."[41]

At this stage of the proceedings, these factual allegations are sufficient to demonstrate an injury in fact—specifically, assessment of property taxes on non-taxable property in which Gardner has an interest—and therefore the proposed amended complaint would survive a Rule 12(b)(1) motion for lack of standing.  And because Gardner's proposed amended complaint would survive a Rule 12(b)(1) motion, it is not futile.[42]

---

[40] While this statement is lodged under the section of Gardner's proposed amended complaint titled "Nature of the Action," the court must construe pleadings "so as to do justice" and does not require any technical form for allegations in a complaint. Fed. R. Civ. P. 8(d)(1), (e).  Therefore, the court construes this sentence to contain factual allegations regarding the status of the property at issue.

[41] Dkt. 60 at 4, 6.  In context, the court construes certain references to "the Uinta Indian" in the proposed amended complaint to be references to Gardner himself.

[42] Defendant also argues Gardner's proposed amended complaint would not survive a motion for summary judgment. *See* dkt. 63 at 4–5.  Specifically, Defendant argues Gardner could not "truthfully allege that he has an ownership interest in this real property because it is owned by [other individuals]." Dkt. 63 at 4.  In support, Defendant proffers certified copies of deeds to the property at issue here. Dkt. 63-1.  But the most recent deed is dated February 9, 2017.  And this action was filed on June 26, 2018.  Thus, the deeds attached to Defendant's Opposition do not conclusively establish Gardner had no ownership interest in the property at the time this action was filed.  Accordingly, the court cannot conclude Gardner's proposed amended complaint would not survive a motion for summary judgment.

Accordingly, the court GRANTS Gardner's Motions to Amend.[43] Gardner may file his proposed amended complaint—as proffered in his first Motion to Amend[44]—with the court.[45] Upon filing, the amended complaint will become the operative pleading in this case.

## II. OUTSTANDING MOTIONS

Having granted Gardner's Motions to Amend, the court will now address the remaining motions outstanding on the docket.[46]

### A. Defendant's Motion for Sanctions

Defendant has filed a Motion for Sanctions against Gardner pursuant to Rule 11.[47] Defendant's Motion for Sanctions is procedurally improper. Rule 11(c)(2) requires a party seeking Rule 11 sanctions to serve its motion on the opposing party twenty-one days before filing it with the court.[48] This provides the opposing party a "safe harbor" period during which the opposing party is given the opportunity to cure any sanctionable behavior.[49]

Here Defendant has not shown she complied with Rule 11's safe harbor requirements. Instead, she appears to have filed her Motion for Sanctions without first giving Gardner an

---

[43] Dkt. 60; dkt. 62. Additionally, Defendant's Motion to Strike (dkt. 61) is denied as moot because Gardner cured the deficiency complained of in the Motion to Strike when he filed his second Motion for Leave to File Amended Complaint (dkt. 62).

[44] Dkt. 60.

[45] DUCivR 15-1(c) ("A party who has been granted leave to file must subsequently file the amended pleading with the court. The amended pleading filed must be the same pleading proffered to the court in [the party's motion for leave to amend] . . . .").

[46] In light of his ruling that Gardner lacked standing to bring this suit, Judge Warner denied these outstanding motions as moot. Dkt. 76 at 7. Having now sustained Gardner's objection to that ruling, the outstanding motions are no longer moot. Rather than referring the outstanding motions back to Judge Warner, the court will instead address them now in the first instance.

[47] Dkt. 64.

[48] Fed. R. Civ. P. 11(c)(2) ("The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . .").

[49] *See Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006).

opportunity to cure. Therefore, the court DENIES Defendant's Motion for Sanctions as procedurally improper.[50]

### B. Gardner's Motion for Recusal

Gardner has filed a "Motion for Leave to File Recusal on Defendant's Rule 11 Sanction, and to Motion to Amend" (Motion for Recusal).[51] Liberally construing Gardner's Motion for Recusal, the court reads it as a motion seeking this court's recusal from consideration of Gardner's Motions to Amend and Defendant's Motion for Sanctions.[52]

As an initial matter, Gardner's Motion for Recusal runs afoul of the court's February 6, 2019 Order (the Filing Restrictions), in which the court ordered:

> Gardner shall not file any more motions in this case without first filing a motion for leave to file. In his motion for leave to file, Gardner must notify the court of what he intends to file, and how the filing differs in substance from earlier filings.[53]

Gardner's Motion for Recusal, while styled as a motion for leave, does not notify the court of what he intends to file or how the filing differs in substance from earlier filings. Instead, the Motion for Recusal is just that—a motion seeking this court's recusal.

In any event, Gardner's requests for recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455(a) fail on the merits because they are legally insufficient.

---

[50] Additionally, the behavior complained of in the Motion for Sanctions does not appear at first glance to be sanctionable. To the extent Defendant disputes Gardner's allegation that he has an ownership interest in the property at issue, that is now a live dispute in this case. And the proper resolution of that issue will come from the standard course of litigation, not a Rule 11 motion.

[51] Dkt. 66.

[52] It is unclear from the papers whether the Motion to Recuse is directed at the undersigned or at Judge Warner. In fact, it is unclear whether the Motion to Recuse is directed at the court at all. Throughout his Motion to Recuse, Gardner seeks the recusal of "Defendant." *See* dkt. 66-1. However, when the term "Defendant" is read in context, it appears to refer to the undersigned. Thus, Gardner's Motion to Recuse will be construed as being directed at the undersigned.

[53] Dkt. 48.

8

Under section 144, a judge shall recuse when a party "files a timely and sufficient affidavit" demonstrating "the judge before whom the matter is pending has a personal bias or prejudice either against [the party] or in favor of any adverse party."[54] Gardner's Motion for Recusal and accompanying affidavit fail to satisfy the standard set forth in section 144. Gardner fails to identify any personal bias or prejudice this court allegedly has against him, noting only the fact the court has issued adverse rulings in the past.[55] And it is well established that adverse rulings alone cannot form the basis for a section 144 disqualification.[56] Without any particularized allegations of personal bias, Gardner's section 144 argument fails.

Under section 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[57] The impartiality inquiry is an objective one that asks "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[58] As with his section 144 request, Gardner's only argument with respect to section 455(a) is that the court has ruled unfavorably to him in the past.[59] But the mere fact the court has ruled against Gardner in the past would not lead a reasonable person, knowing all the relevant facts, to harbor doubts about this court's impartiality.[60] Therefore, Gardner's section 455(a) argument also fails.

Accordingly, Gardner's Motion for Recusal is DENIED.

---

[54] 28 U.S.C. § 144.

[55] *See* dkt. 66; dkt. 66-1.

[56] *See Mitchell v. Maynard*, 80 F.3d 1433, 1449 (10th Cir. 1996).

[57] 28 U.S.C. § 455(a).

[58] *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (citation omitted) (internal quotation marks omitted).

[59] *See* dkt. 66; dkt. 66-1.

[60] *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal.").

C. Gardner's Motion for Preliminary Injunction and Temporary Restraining Order

Gardner has filed a "Motion for Leave to File Plaintiff Gardner's Motion for Preliminary Injunction and Temporary Restraining Order" (Motion for Preliminary Injunction).[61] In his Motion for Preliminary Injunction, Gardner seeks to enjoin Defendant and the State of Utah from foreclosing on certain real property.

As with his Motion for Recusal, Gardner's Motion for Preliminary Injunction runs afoul of the Filing Restrictions. While styled as a motion for leave, the Motion for Preliminary Injunction does not notify the court of what he intends to file or how the filing differs in substance from earlier filings. Instead, it is simply a motion seeking a preliminary injunction and temporary restraining order. In any event, however, Gardner's Motion for Preliminary Injunction is also facially deficient and fails on the merits.

To obtain a preliminary injunction, a plaintiff must show: "(1) a substantial likelihood of success on the merits, (2) that the plaintiff will suffer irreparable injury if the preliminary injunction is denied, (3) that the threatened injury to the plaintiff outweighs the injury to the defendant(s) caused by the preliminary injunction, and (4) that an injunction is not adverse to the public interest."[62] Furthermore, because a preliminary injunction is an extraordinary remedy, "the right to relief must be clear and unequivocal."[63]

In his Motion for Preliminary Injunction, Gardner fails to demonstrate a substantial likelihood of success on the merits. Gardner's argument seems to be that tribal sovereign immunity prevents Defendant and the State of Utah from foreclosing on certain real property. But Gardner does not provide factual support demonstrating the property sought to be foreclosed

---

[61] Dkt. 67.

[62] *Aid for Women v. Foulston*, 441 F.3d 1101, 1115 (10th Cir. 2006).

[63] *Id.* (citation omitted).

on is tribal land.[64]  Nor does Gardner provide any support for the assertion that the doctrine of tribal sovereign immunity applies to him individually.

Gardner has failed to carry his heavy burden of demonstrating he is entitled to the extraordinary remedy of a preliminary injunction or temporary restraining order.  Therefore, Gardner's Motion for Preliminary Injunction is DENIED.

### D. Defendant's Motion to Strike and Motion for Order to Show Cause

Finally, Defendant has filed a Motion to Strike and Motion for Order to Show Cause,[65] in which Defendant asks the court to: (1) strike Gardner's Motion for Summary Judgment[66]; and (2) enter an order to show cause requiring Gardner to show cause why he should not be sanctioned for civil contempt of court.

#### i. Motion to Strike

Defendant first asks the court to strike Gardner's Motion for Summary Judgment pursuant to Rule 12(f)(2).  But Defendant's request is procedurally improper.  By its express language, Rule 12(f)(2) applies only to material contained in *pleadings*—not to *motions*.[67]  Thus, Rule 12(f)(2) can only be used to strike portions of pleadings and the court must DENY Defendant's Motion to Strike.

Nonetheless, the court DENIES Gardner's Motion for Summary Judgment without prejudice.

---

[64] Gardner's Motion includes a letter from the Bureau of Indian Affairs confirming certain real property is designated as "Indian Country," (dkt. 67 at 15), but Gardner does not demonstrate the land described in the letter is the same land Defendant and the State of Utah seek to foreclose on.

[65] Dkt. 72.

[66] Dkt. 71.

[67] *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

As an initial matter, Gardner did not seek leave to file his Motion for Summary Judgment, as required by the Filing Restrictions. This alone is reason enough to deny the Motion.

But even if the court were to consider the Motion for Summary Judgment on its merits, the court concludes it is procedurally premature. At the time Gardner filed his Motion for Summary Judgment, there was no operative pleading in this case. Thus, there were no claims on which Gardner could seek summary judgment. Furthermore, as part of its broad discretion to manage its own docket, this court declines to consider a party's motion for summary judgment until the pleadings in the case have been set.[68]

Accordingly, Gardner's Motion for Summary Judgment is DENIED without prejudice.

### ii. Motion for Order to Show Cause

Defendant also asks the court to issue an order requiring Gardner to show cause why he should not be sanctioned for civil contempt for violating the Filing Restrictions.[69] Specifically, Defendant takes issue with the fact Gardner did not first seek leave to file his Motion for Summary Judgment, as required by the Filing Restrictions.

To prevail in a civil contempt proceeding, the moving party must show, by clear and convincing evidence, "[1] that a valid court order existed, [2] that the [nonmoving party] had knowledge of the order, and [3] that the [nonmoving party] disobeyed the order."[70] Once the

---

[68] *See, e.g., Enlow v. Tishomingo Cty.*, 962 F.2d 501, 506–07 (5th Cir. 1992) (explaining that "questions of the timing and sequence of the motions in the district court . . . best lie[] at the district court's discretion"); *see also United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993) ("District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties) . . . .").

[69] Dkt. 48.

[70] *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir.1998).

12

moving party has satisfied its burden, the burden then shifts to the nonmoving party "to show either [1] that he had complied with the order or [2] that he could not comply with it."[71]

Here, Defendant has established the three civil contempt elements by clear and convincing evidence. First, a valid court order—the Filing Restrictions—existed prohibiting Gardner from filing new motions without first seeking the leave of the court.[72] Second, Gardner had knowledge of the Filing Restrictions, as demonstrated by the fact he has—at times—acted in accordance with the Filing Restrictions.[73] And third, Gardner disobeyed the Filing Restrictions when he filed his Motion for Summary Judgment without first filing a motion for leave to file. Therefore, the burden now shifts to Gardner to demonstrate either: (1) that he complied with the Filing Restrictions, or (2) that he could not comply with the Filing Restrictions.

Accordingly, the court GRANTS Defendant's Motion for Order to Show Cause IN PART.[74] Gardner is ORDERED to show cause within twenty-one (21) days of this Order why the court should not hold him in civil contempt.

## CONCLUSION

For the reasons stated above, Gardner's Objection is SUSTAINED IN PART.[75] As a result, the court ORDERS as follows:

---

[71] *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008).

[72] Dkt. 48 ("The court ORDERS that Gardner shall not file any more motions in this case without first filing a motion for leave to file.").

[73] *See, e.g.*, dkt. 52 (seeking motion for leave to file).

[74] Defendant's Motion is DENIED to the extent it seeks an order to show cause why Gardner should not be *sanctioned* for civil contempt. *See* dkt. 72 at 7. Before the court considers the issue of sanctions, the court will first give Gardner an opportunity to show cause why he should not be held in civil contempt. Should Gardner fail to show cause why he should not be held in civil contempt, the court will then proceed to the issue of sanctions.

[75] Gardner's Objection is DENIED to the extent it seeks the entry of summary judgment on certain issues. An Objection to a Report and Recommendation is an improper procedural vessel for a motion for summary judgment.

1. Gardner's Motions to Amend[76] are GRANTED and Gardner may file with the court within fourteen (14) days of the date of this Order his proposed amended complaint;

2. Defendant's Motion to Strike Motion for Leave to File Amended Complaint[77] is DENIED as moot;

3. Defendant's Motion for Rule 11 Sanctions[78] is DENIED;

4. Gardner's Motion for Recusal[79] is DENIED;

5. Gardner's Motion for Preliminary Injunction[80] is DENIED;

6. Gardner's Motion for Summary Judgment[81] is DENIED without prejudice;

7. Defendant's Motion to Strike Motion for Summary Judgment[82] is DENIED; and

8. Defendant's Motion for Order to Show Cause[83] is GRANTED IN PART. Gardner is hereby ORDERED to show cause within twenty-one (21) days of the date of this Order why he should not be held in civil contempt for failing to comply with the Filing Restrictions.

**SO ORDERED** this 20th day of March, 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[76] Dkt. 60, dkt. 62.

[77] Dkt. 61.

[78] Dkt. 64.

[79] Dkt. 66.

[80] Dkt. 67.

[81] Dkt. 71.

[82] Dkt. 72.

[83] Dkt. 72.