IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EDSON GARDNER,<br><br>      Plaintiff,<br><br>v.<br><br>WENDI LONG, in her official capacity as Treasurer for Uintah County, Utah,<br><br>      Defendant. | **ORDER**<br><br>Case No. 2:18-cv-00509<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

On March 20, 2020, the court issued an Order[1] sustaining in part Plaintiff Edson Gardner's Objection to Report and Recommendation.  In that Order, the court ordered Gardner to show cause why the court should not hold him in civil contempt for failing to comply with filing restrictions this court had previously placed on him.[2]  On March 30, 2020, Gardner filed a "Motion for Leave to File Response to Order Sustaining Objection to Report and Recommendation in Part" (Response to the Order to Show Cause).[3]  That same day, Gardner also filed a "Motion for Leave to File Motion for Recovery of Fee" (Motion for Fees).[4]  These filings are now ripe for the court's consideration.

## LEGAL STANDARD

Gardner is a *pro se* litigant.  *Pro se* litigants are held to less stringent standards than are parties formally represented by lawyers.[5]  Accordingly, documents filed *pro se* are "to be

---

[1] Dkt. 80.

[2] Dkt. 80 at 14.

[3] Dkt. 83.

[4] Dkt. 82.

[5] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

liberally construed."[6]  A litigant's *pro se* status, however, "does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[7]  Furthermore, "it is not the proper function of the district court to assume the role of advocate for the *pro se* litigant."[8]  The court will employ this standard when reviewing Gardner's filings.

## ANALYSIS

### A. GARDNER'S RESPONSE TO THE ORDER TO SHOW CAUSE

As an initial matter, Gardner's first filing is styled as a "Motion for Leave to File Response to Order Sustaining Objection to Report and Recommendation in Part."[9]  Liberally construing Gardner's filing, as the court must do, the court understands this filing to be a response to the portion of the court's Order ordering Gardner to show cause why he should not be held in civil contempt of court.

To prevail in a civil contempt proceeding, the moving party must show, by clear and convincing evidence, "[1] that a valid court order existed, [2] that the [nonmoving party] had knowledge of the order, and [3] that the [nonmoving party] disobeyed the order."[10]  Once the moving party has satisfied its burden, the burden then shifts to the nonmoving party "to show either [1] that he had complied with the order or [2] that he could not comply with it."[11]

In the court's Order, the court found Defendant Wendi Long had established the three civil contempt elements by clear and convincing evidence.[12]  As the court explained, a valid court order existed prohibiting Gardner from filing new motions without first seeking leave of

---

[6] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (internal quotation marks omitted).

[7] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] Dkt. 83.

[10] *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir.1998).

[11] *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008).

[12] Dkt. 80 at 13.

court (the Filing Restrictions).[13]  And the court found that Gardner both knew of the Filing Restrictions and disobeyed the Filing Restrictions by filing his Motion for Summary Judgment without first seeking leave of court.[14]  Accordingly, the burden shifted to Gardner to demonstrate either: (1) that he complied with the Filing Restrictions or (2) that he could not comply with the Filing Restrictions.  To that end, the court gave Gardner twenty-one (21) days to show cause why the court should not hold him in civil contempt.[15]

In his timely Response to the Order to Show Cause, Gardner does not demonstrate either that he complied with the Filing Restrictions or that he could not comply with the Filing Restrictions.  Gardner seems to argue that he did not disobey the Filing Restrictions because the Filing Restrictions do not clearly and unambiguously bar Gardner from filing what he did.[16]  The court disagrees.  The Filing Restrictions clearly and unambiguously states that "Gardner shall not file any more motions in this case without first filing a motion for leave to file.  In his motion for leave to file, Gardner must notify the court of what he intends to file, and how the filing differs in substance from earlier filings."[17]  In filing his Motion for Summary without first filing a motion for leave to file, Gardner did exactly what the Filing Restrictions clearly prohibit him from doing.  Thus, the court rejects Gardner's contention that he did not disobey the Filing Restrictions and holds Gardner in civil contempt of court.

Having held Gardner in civil contempt of court, the court now turns to what sanctions to impose.  As the Tenth Circuit has instructed, civil contempt sanctions may be employed for the

---

[13] Dkt. 80 at 13.

[14] Dkt. 80 at 13.

[15] Dkt. 80 at 14.

[16] *See* dkt. 82 at 17 ("And most obviously, the order does not clearly and unambiguously, or in specific detail and by an unequivocal command, or even implicitly, bar[] Plaintiff Gardner Uinta Indian for filing for Actions For Allotments 25 U.S.C. 345.").  The remainder of Gardner's Response to the Order to Show Cause is spent discussing issues unrelated to the court's Order.

[17] Dkt. 48.

3

purpose of "compel[ling] or coerc[ing] obedience to a court order" and/or "compensat[ing] the contemnor's adversary for injuries resulting from the contemnor's noncompliance."[18]  Here, the court chooses to employ civil contempt sanctions for the purpose of compelling Gardner's obedience to the Filing Restrictions.  Because the purpose of this sanction is "coercive," the court "must consider the character and magnitude of the harm threated by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired."[19]

With these considerations in mind, the court sanctions Gardner as follows:

1.  Future failure to strictly comply with the Filing Restrictions may result in the court striking any non-compliant motions without additional notice; and

2.  Continued failure to strictly comply with the Filing Restrictions may result in dismissal of Gardner's case on the merits.

These sanctions should serve to ensure Gardner's compliance with the Filing Restrictions.

## B. GARDNER'S MOTION FOR FEES

Gardner's second filing is his Motions for Fees, in which he seeks recovery of attorney fees incurred in connection with his Objection to Judge Warner's Report and Recommendation.[20] Gardner argues he is entitled to fees because his Objection was successful—at least in part.[21]

As the Supreme Court has explained, however, courts in this country follow the "American Rule," which provides that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise."[22]  Gardner identifies no statutory or contractual

---

[18] *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (citation omitted).

[19] *Id.* (citation omitted) (internal quotation marks omitted).

[20] Dkt. 82.

[21] Dkt. 82 at 3.

[22] *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010).

basis for an award of attorney fees in connection with his Objection.  For this reason, Gardner's Motion for Fees must be denied.

## CONCLUSION

For the reasons stated above, the court ORDERS as follows:

1.  Gardner is HELD in civil contempt of court.  As a result, the court imposes the following SANCTIONS:

    a.  Future failure to strictly comply with the Filing Restrictions may result in the court striking any non-compliant motions without additional notice; and

    b.  Continued failure to strictly comply with the Filing Restrictions may result in dismissal of Gardner's case on the merits.

2.  Gardner's Motion for Fees[23] is DENIED.

**SO ORDERED** this 15th day of April, 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[23] Dkt. 82.